### In re BENSON, Inc.

No. 35715–C.

District Court, S. D. California, Central Division.

July 5, 1940.

Livingston & Livingston and Lawrence Livingston, all of San Francisco, Cal., and Stanley Arndt, of Los Angeles, Cal., for Urban Properties Corporation.

Seymour Gold and Francis F. Quittner, both of Los Angeles, Cal., for debtor.

Samuel A. Miller and Bertram Ross, both of Los Angeles, Cal., for creditors' committee.

COSGRAVE, District Judge.

The lease is forfeitable when, in any judicial proceeding, "a receiver or other officer or agent be appointed to take charge of the demised premises or the business conducted therein." No receiver has in fact been appointed. On the contrary, the business is being operated by the debtor itself, subject, it is true, to control of the Court. On the filing of a petition under Chapter XI, 11 U.S.C.A. § 701 et seq., the Court has no authority forthwith to appoint a receiver. That can be done only on petition of a creditor. In the absence of such petition, the debtor must be continued in possession. Bankruptcy Act §§ 332, 342, 11 U.S.C.A. §§ 732, 742. The distinction is emphasized in the language of the Act: "Where no receiver or trustee is appointed, the debtor shall continue in possession of his property and shall have all the title and exercise all the powers of a trustee appointed under this Act [title]," subject, of course, to the control of the Court. Bankruptcy Act, § 342, 11 U.S.C.A. § 742. It is true that he exercises such powers as a trustee would exercise, but if the lease is forfeitable under such circumstances then it should have said so in unmistakable terms. To give the forfeiture clause of the lease this interpretation would require that there be read into it a provision that is not there, namely, that although a receiver is not appointed, when the lessee himself is given the powers of a receiver, he shall be deemed a receiver within the contemplation of the forfeiture clause. Such interpretation seems to me in direct violation of Section 1442 of the Civil Code of California, which says that a condition involving a forfeiture must be strictly interpreted against the party for whose benefit the condition is created.

Here the debtor, valiantly striving against bankruptcy, has proposed a plan that has been accepted by all his creditors. Its futility would aptly suggest Lord Bacon's observation: "When the press is hard wrought, the wine is harsh, and tastes of the grape seeds."

In re Walker, 93 F.2d 281, Second Circuit, is cited in support of the referee's order. That was a proceeding under former Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, between which and Chapter XI substantial differences exist. Other factors were involved in that case but even though it be deemed authority, I hesitate to follow it in the absence of an authoritative ruling in our own circuit.

The petition for review is granted, the order of our learned and faithful referee must be reversed, and it will be so ordered. Counsel for petitioner will present a formal order in accordance herewith